## GREEN vs. WILSON.

1. The fact that the validity of a patent is, or may be involved in a suit for the violation of a covenant under seal, is not a ground for demurrer; the state courts have jurisdiction. When such suit is between citizens of the same state, the Federal courts have no jurisdiction.

2. A notice given under a contract must be construed according to the intention of the contract. Though the notice is in terms to revoke a contract, but the evident object of it is to revoke only an authority or license under the contract, the authority or license only will be thereby revoked.

---

The argument in this case was upon a demurrer to the bill, and on a motion to dissolve the injunction.

*Mr. Dutcher,* in support of the demurrer and motion.

The bill filed in this cause states the complainant's patent, what he claims under the patent, and his agreement with the defendant for the use of it. The complainant charges that

defendant has driven a large number of wells, that he has not paid the royalty due to complainant, and alleges a revocation of the license, in accordance with the provisions therein contained. The complainant also charges, that notwithstanding said revocation, the defendant still continues to sink non-flowing wells in the territory covered by the license. It is also charged *on information* and *belief* that the defendant is irresponsible, &c., and has not property from which complainant *can collect sufficient to compensate him for the failure of the said Wilson to carry out and perform his said agreements, &c.;* it does not show inability to pay royalty. The bill concludes with the prayer for relief and injunction; and by the amendment asks that the defendant may be decreed to account for all royalties due from him to complainant, and all moneys due under the agreement.

Considering this bill as if demurred to for want of jurisdiction, can it be sustained in this court?

The complainant insists that the object of the suit is to enforce a sealed agreement, in other words, that it is a bill for specific performance. The defendant contends that it amounts to a bill for infringement of a patent. Although it is not filed as a bill for infringement, yet such defences can be made to the bill as will raise questions that may compel the court to decide upon the *validity* and *force* of complainant's letters patent. It may open all the questions that can be raised on the novelty of the invention, the legality of the letters patent, and if the defendant is sinking wells, whether the process used by him is the same, or equivalent to complainant's patent, or whether it is under another patent, and if so, whether such other patent is valid, or is an infringement of complainant's patent; in short, all the questions that can be raised in any patent case may come up in this.

*First.* We will consider the case as if the agreement was still in force.

If the suit was brought simply to recover the amount of royalty due to the patentee under the agreement, it would

be cognizable in a state court. But in that case it should be an action at law, and would be one where the plaintiff would have a complete remedy at law. Here the complainant goes farther; he sets up his rights under his patent, and alleges that the defendant is using it without authority, without paying the royalty agreed upon, and asks an injunction to restrain him. This makes the case parallel with the case of *Brooks* v. *Stolley*, 3 *McLean* 523.

The complainant's right to an injunction and for the relief he asks depends, not upon the contract, but upon his rights under the patent and assignment. The complainant insists that the defendant is estopped by his agreement from questioning the complainant's patents. Even if the agreement was in force and unrevoked, the defendant would not be estopped from alleging fraud, and showing that he was deceived by the complainant, and fraudulently induced to enter into the agreement.

We insist that if the agreement was in full force and unrevoked, the case comes within the ruling in *Brooks* v. *Stolley; Curtis on Patents*, § 496, and cases cited.

*Secondly.* How are the complainant's rights affected by the revocation of the agreement?

The complainant alleges in his bill, and shows by affidavit and copy of notice annexed, that he revoked the agreement May 10th, 1870. This was not merely a revocation of authority to use the patent, but a complete revocation, as the complainant alleges, of the agreement. Yet the complainant complains that one covenant in the agreement, on the part of the defendant, still exists, *viz.* the covenant to refrain from driving and constructing said wells after the complainant should revoke the authority given by the contract.

If the agreement was existing, the defendant would be precluded from sinking said wells by virtue of the contract; now he is prohibited by law, as if no contract had ever been made.

If one party to a contract revoke or rescind the agree-

ment, it must be a "rescission *in toto* and the parties put *in statu quo.*" 2 *Parsons on Con.* 190 to 194 (*4th ed.*); see 192, *note O,* and cases cited; *Chitty on Con.* 641.·

The complainant could not revoke or rescind the contract and leave the defendant's covenants binding and in force. The revocation recalls, annuls, and puts an end to the agreement; it rescinds it *in toto.* There is no longer any agreement on the part of defendant. Both parties are placed back where they were before the agreement was made. *The complainant did not annul a part of it and leave the other part in force.* He cannot destroy the agreement and then claim that it still exists on the part of the defendant. If he had simply notified the defendant not to drive any more wells under his patent, the case might be different. But instead of this he destroys and makes void the whole contract. The defendant is no longer bound by anything contained in the agreement, because he has no agreement existing. It is like an act of the legislature revoking the charter of a corporation (where they have the power), or a principal revoking the authority of an agent. The company is released from all duties and liabilities under the charter, and the agent from all duty to his principal.

If the defendant in this case has not paid the royalties claimed by the complainant under the agreement, the complainant may bring an action at law to recover them, but he has not shown sufficient ground for the interference of a court of equity, even for that purpose.

The agreement being revoked, being annulled, at an end, and no longer existing or binding on either party, if the defendant uses the plaintiff's patent, he is an infringer, and liable as such, for which he may be held to answer in the United States court, and not elsewhere. This is the direct question that comes up in the case. The question of infringement is not a collateral one, but is the real question, and it is for infringement that an injunction is asked. The same comparison and designation of patents may take place in this case, as in any other case for infringement. There being no

agreement existing between the parties, the complainant's right to relief by injunction in this court ceases.

*Thirdly.* This case is different from those cited by complainant's counsel; in all those cases where it has been held that the state courts had jurisdiction, there was an existing contract, and the suits were brought to recover the rights due under those agreements.

*Fourthly.* The complainant has not shown sufficient grounds for an injunction. He alleges in his bill, that the defendant continues to drive wells since the revocation, and cause them to be driven, *but he does not show or charge that they are driven under the complainant's patent, or in a manner that is equivalent thereto.*

It certainly cannot be insisted that the defendant has no right to sink or drive wells ; all that can be claimed is, that he has no right to do so under the plaintiff's patent, or by a mechanical equivalent not protected by a prior patent.

The injunction restrains the defendant from using the complainant's patent, but the bill does not allege that he is using it. The injunction is not supported by the bill, and even if the court had jurisdiction, should be dissolved.

*W. H. Vredenburgh,* contra.

Has this court the jurisdictional power to enforce the agreement upon which the suit is founded ?

The prayer of the bill is to enjoin the defendant from driving certain wells in specified districts in this state, and for an account of royalties due complainant for wells already driven by defendant under said agreement.

The contention of the defendant is, that this court has no jurisdiction, because the case presented by the bill is one as to the *infringement* of a *patent.*

We deny this, and say that no such case is presented by the bill. The bill shows that the object of the suit is to enforce the terms of an agreement (a copy of which appears in the bill) in which the defendant has agreed for a valuable

consideration, under hand and seal, to pay certain amounts to complainant, and to discontinue certain acts.

We· contend that no question of the·infringement of a patent *can* arise·in this suit, ·because the defendant has bound himself by his agreement, that he would· " at all times recognize the binding and valid force and· authority of said letters patent." That the defendant is thus estopped, at the outset, from denying our right and title to our patent, just as a tenant is estoppèd from denying the title of his landlord to the rented premises. That the only question the ·defendant can raise under this pleading, is the question whether he is driving exactly such wells as are secured to complainant by his patent. That this can only be a question of *comparison*, of désignation, and *identification*.

The question here must be whether he, defendant, is·violating the agreement by driving just such wells as are therein contemplated, and which he has agreed not to do. *If so*, it may be true that he is also infringing on our patent, and making himself ·liable to proceedings under the patent law ; but for that infringement we do not· now complain in this court. ·

But suppose we are·wrong in this view, and that the question as to the infringement or validity of our patent ·may· arise *collaterally* in this suit, we contend that this court has jurisdiction.

It is true, that a state court has not jurisdiction in a *direct* suit for the infringement of a patent, but it has where the question·of infringement comes up collaterally. ·

For instance, in a suit upon a note in a state tribunal, given on the sale of a patent for a machine, it is competent for defendant to show that the consideration for the note failed, and that the patent is void on the ground that the machine (for making and vending of which the patent was granted) is not a *new* invention, or that the patent was defective in some other essential particular. *Cross* v. *Huntly*, 13· *Wend.* 385 ; *Head* v. *Stevens*, 19 *Wend.* 411 ; *Rich* v. *Atwater*, 16 *Conn.* 409, 414.

The cases cited by defendant's counsel do not affect this position. In the case of *Dudley* v. *Mayhew*, the court held that jurisdiction of patent cases could not be given to a state court by the mere consent or stipulation of parties. In other words, that consent or stipulation of parties could not of itself give jurisdiction to a tribunal where the law did not vest it. But where, as in this case, the basis or foundation of the suit is within the cognizance of this court, to wit, the enforcement of rights under an agreement, it cannot be maintained that this court cannot try the suit because possibly *incidental* or *collateral* questions may arise that, *if independent*, would fall within the jurisdiction of another court.

If this court has *not* jurisdiction, then it is because the United States courts have *exclusive* jurisdiction of matters involving such collateral questions. But it has been held in a variety of cases, "that jurisdiction is not conferred" upon the United States courts by such a subject matter as forms the basis of the present suit. *Wilson* v. *Sandford*, 10 *How.* 99; *Goodyear* v. *The India Rubber Co.*, 4 *Blatchf. C. C. R.* 63; *Messerole* v. *Union Paper Collar Co.*, (decided March 27th, 1869, in United States District Court), opinion of Blatchford, J.

But the case of *Rich* v. *Atwater*, 16 *Conn.* 409, seems to me to be precisely similar to the present case, and to settle the point under discussion *viz.* that the state courts *have jurisdiction* to try the question of the validity or infringement of a patent where such questions come collaterally before them. In that case, the plaintiff owned a patent for a machine which the defendant was infringing. The defendant, by a covenant, agreed not to use the infringing machine any longer, but nevertheless went on using it, and the plaintiff brought a suit founded on the agreement for an account and an injunction. The defendant offered to prove that the patent was invalid for want of novelty. The plaintiff objected to the evidence, and the court, in full bench, held the evidence admissible.

The defendant next contends that the revocation of the agreement by the complainant, as stated in the bill, terminated and put an end to the agreement for all purposes; and that after that both parties stand as if no such agreement had been ever made between them, and that, therefore, this court has no jurisdiction.

But we reply to that, that the defendant is bound to respect his own covenant. That in that agreement he made the following covenant: "And I hereby, for value received and in consideration thereof, agree to discontinue and refrain from driving and constructing the said wells, from and after the revocation of this authority by the said Green, according to the terms of the reservation of the right to revoke the same by him, hereinafter mentioned."

If this covenant is binding upon defendant, his violation of it would give us the right to the relief prayed for out of this court. If there was a consideration for that covenant, it is certainly binding upon the defendant. The law will *infer* a consideration from the *language* of the covenant itself.

Again: If the defendant denies that there was a consideration for that covenant, he must establish his denial by proof, and that raises a question of fact, not of law, and cannot *now* be considered.

Again: We say there was a consideration to be inferred from the agreement itself. That the complainant entered into this agreement with defendant, and granted him this privilege of driving wells until said revocation, as much upon the *consideration* of defendant's covenant not to drive said wells *after* revocation as upon the consideration of his covenant to pay royalties of $5 *before* revocation. That defendant made the royalty lower and easier on account of defendant's covenant not to drive after revocation. That it would be most unjust to allow defendant to learn complainant's *art* of digging wells and get all the benefit of his agreement, and then, by his own wilful act in refusing to pay royalties, enable himself to break the agreement and defeat the com-

plainant altogether.    That in this way the law would allow defendant to take advantage of his own wrong.

But if any branch of this bill can confer jurisdiction to this court it will be sufficient to overrule demurrer.    The complainant's right to an account from defendant for past royalties due while the agreement was unrevoked between them, must certainly appertain to the jurisdiction of this court.    This right exists by virtue of the said agreement and comes within the principle of the cases already cited.

THE CHANCELLOR.

The complainant, claiming as patentee the exclusive right to sink wells in the manner described in his patent, authorized the defendant to sink wells in a certain district in this state, including the county of Union, in that manner; reserving to himself the power to revoke the license at his pleasure.    The defendant agreed to pay a certain royalty on every well that he sunk in that manner, to recognize the validity of the patent, to pay the royalties agreed upon, and upon the revocation of the license to refrain from constructing such wells.    The agreement was by mutual covenants under seal.

The defendant sunk several wells in the manner described, but neglected to pay the royalty.    The complainant thereupon revoked the agreement, but the defendant still went on sinking wells.

The bill was for an account of the royalties on the wells sunk before the revocation, and to restrain the construction of any more wells of the kind described in the letters patent.

The defendant insists that this court has no jurisdiction, because the suit involves the validity of the patent, and the jurisdiction in such case is exclusively in the Federal courts,

This suit is not upon the patent, or for an infringement of it, but is upon the covenant under seal, and is for a violation of that, and to restrain a further violation of it.    The validity of the patent may come in question, if the defen-

dant seeks to avoid the agreement for fraud or want of consideration. But in such cases it is held that the jurisdiction is in the state courts, and that when the suit is between citizens of the same state the Federal courts have not jurisdiction.

The defendant claims that the *contract* is revoked, and not merely the *license;* and the contract being revoked, the complainant can have no relief upon it, but only upon his patent. The bill charges that the complainant revoked the contract, and the written notice served on the defendant stated that the contract was thereby revoked. But the evident object of this notice was to revoke only the authority or license. The contract expressly reserves the right to revoke the authority, not rescind or revoke the contract. The word revoke is not applicable to a mutual contract like this. Rescinding or annulling it, is a different matter from revocation. The terms of the notice must be construed according to the intention of the contract under which the notice was given; and the allegation of the bill must be construed to conform to that meaning. The complainant could not revoke the covenants of the defendant; he might discharge the defendant from them. This notice cannot be construed into a discharge.

But the allegations of the bill are insufficient to sustain the injunction. It is no where alleged that after the revocation the defendant had sunk wells according to the plan patented, or that he threatened or intended to sink such wells; but only that he continues to drive and construct a large number of non-flowing wells and other wells within the district. This he had a perfect right to do, provided they were not of the kind, or sunk in the manner designated in the agreement. For an injunction it is not only necessary to aver a right, but also that the defendant has violated or intends to violate it.

The demurrer must be overruled and the injunction dissolved.